**In re PRUDENTIAL INSURANCE COMPANY OF AMERICA SALES PRACTICES LITIGATION**

Joe W. Uresti

v.

**Prudential Insurance Co. of America, et al.,**

**No. MDL–1061.**

Judicial Panel on Multidistrict Litigation.

Aug. 15, 2001.

BEFORE HODGES, Chairman, KEENAN, SEAR, SELYA,* GIBBONS, JENSEN and MOTZ, Judges of the Panel.

### TRANSFER ORDER

HODGES, Judge.

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J .P.M.L., 199 F.R.D. 425, 435–36 (2001), by plaintiff in a Western District of Texas action (*Uresti*) to vacate the Panel's order conditionally transferring the action to the District of New Jersey for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Alfred M. Wolin. Defendant, The Prudential Insurance Company of America (Prudential), supports transfer of *Uresti.*

On the basis of the papers filed and hearing session held, the Panel finds that *Uresti* involves common questions of fact with actions in this litigation previously transferred to the District of New Jersey, and that transfer of the action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of the action is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of New Jersey was the proper forum for actions involving allegations that deceptive life insurance sales practices occurred or were encouraged as a result of defendant Prudential's conduct. *See In re Prudential Insurance Company of America Sales Practices Litigation,* MDL–1061 (J.P.M.L. August 3, 1995) (unpublished order). We note also that there is disagreement between the parties concerning whether and to what extent the plaintiff's assertion of claims in *Uresti* is precluded by the MDL–1061 class settlement. Such a matter is particularly appropriate for resolution by the transferee court.

The plaintiff premises part of his opposition to transfer on the pendency in his action of a motion to remand to state court. He urges the Panel not to order transfer before the motion is resolved by the transferor court. We note, first, that remand motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2nd Cir.1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L.1973). Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in

---

* Judge Selya took no part in the decision of this matter.

MDL–1061 can continue without any unnecessary interruption or delay.

Finally, if subsequent to transfer plaintiff continues to believe that the uniqueness of his particular situation or the type of his claims renders inclusion of *Uresti* in MDL–1061 unnecessary or inadvisable, we point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436–38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, *Joe W. Uresti v. Prudential Insurance Co. of America, et al.*, W.D. Texas, C.A. No. 5:01–104, is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Alfred M. Wolin for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.