173 F.Supp.2d 1381 (2001)
In re SILICONE GEL BREAST IMPLANTS PRODUCTS LIABILITY LITIGATION
June Wood, et al.
v.
McGhan Medical Corp., et al., N.D.Alabama, C.A. No. 2:00-10016 (N.D. Texas, C.A. No. 3:00-469)
No. MDL-926.
Judicial Panel on Multidistrict Litigation.
November 2, 2001.
Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN[*] and J. FREDERICK MOTZ, Judges of the Panel.

ORDER DENYING REMAND
Presently before the Panel is a motion, pursuant to Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001), by defendant Minnesota Mining and Manufacturing Company (3M) to vacate the Panel's order conditionally remanding this action from the Northern District of Alabama to the Northern District of Texas, its transferor court. Plaintiffs in the action oppose the motion to vacate and favor remand of the action.
The Panel's conditional order of remand was entered on the basis of an earlier order of the transferee court suggesting that remand would be appropriate because "the purpose[s] for which this action was transferred to this court have been accomplished ...." No additional explanation was given, however, and the Panel is unable to discern whether arguments now presented to the Panel were considered by the transferee court before making the suggestion of remand. Specifically, 3M has argued that the plaintiffs' claims are barred by the operation of prior orders entered by the transferee court in MDL-926. Plaintiffs disagree, and the resulting *1382 issue involving interpretation and possible enforcement of prior orders of the transferee court is an issue that should normally be resolved by the court that entered the governing order or orders, i.e., the transferee court. Indeed, the presence of such a dispute has been one of the reasons given by the Panel in the past for initially transferring newly filed actions under § 1407 to a previously constituted transferee court. See In re Prudential Insurance Company of America Sales Practices Litigation, 170 F.Supp.2d 1346, ___, 2001 WL 980541 *1, 2001 U.S. Dist. LEXIS 12789, at *2 (J.P.M.L. Aug. 15, 2001). Accordingly, we find it appropriate for this action in its present state to remain in the transferee court for that court's consideration and possible determination of this issue. If the transferee court decides that such issue is not an impediment to remand in the circumstances of this case, or if the transferee court resolves that issue in such a way as to make remand appropriate, it is free to explain that decision and again suggest a remand on that basis.
IT IS THEREFORE ORDERED that remand of this action is denied.
NOTES
[*] Judge Jensen took no part in the decision of this matter.