**In re SILICA PRODUCTS LIABILITY LITIGATION**

**No. 1553.**

Judicial Panel on Multidistrict Litigation.

Sept. 4, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN,* J. FREDERICK MOTZ * and ROBERT L. MILLER, Jr., Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of 22 actions: seventeen actions in the Southern District of Mississippi; and five actions in the Northern District of Mississippi.[1] Before the Panel is a motion by numerous defendants [2] to centralize these actions, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings in either the Northern or the Southern District of Mississippi. Several other defendants join in this motion.[3] All responding plaintiffs oppose Section 1407 centralization.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact arising from alleged injuries and/or exposure to respirable silica and

---

* Judges Selya, Jensen and Motz took no part in the decision of this matter.

1. The Panel has been notified that 22 additional potentially related actions have been filed as follows: 21 actions in the Southern District of Mississippi and one action in the Northern District of Mississippi. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. Ash Grove Cement Company; Blue Ridge Sand & Gravel, Inc.; Clark Sales and Rentals; Clark Sand Company, Inc.; Clemco Industries, Inc.; Conway Industrial Supply, Inc.; Custom Aggregates and Grinding, Inc.; DeVilbiss Air Power Co.; Eastern Safety Equipment Company, Inc.; Empire Abrasive Equipment Corp.; Empire Abrasive Equipment Company, LP; F & S Abrasive Company, Inc.; Feltus Brothers, Ltd.; Flexo Products, Inc.; Gardner Denver, Inc.; Hanson Aggregate Central, Inc. (f/k/a Pioneer Concrete of Texas, Inc. f/k/a/ Pioneer South Central, Inc.); Hanson Building Materials America, Inc.; Humble Sand Company, Inc.; Humble Sand & Gravel, Inc.; Illinois Tools Works Inc. (successor by merger to Ransburg Corp., successor by merger to DeVilbiss Industrial Products Corp., successor to the Industrial/Commercial division of DeVilbiss Co.); Ingersoll–Rand Company; Kelco Sales & Engineering (a division of Polly, Inc.); Kelco Sales Associates, Inc.; Komp Equipment Company, Inc.; Lockheed Martin Corporation; Lone Star Industries, Inc.; Moldex–Metric, Inc.; The Pangborn Corp.; Ottowa Silica Company; Pioneer Concrete of America, Inc. (d/b/a Pioneer Concrete of Texas, Inc.); Pioneer Concrete of Arkansas, Inc.; Polly, Inc.; P.K. Lindsay Company; Precision Packaging, Inc.; Quickcrete Material Company; Quickcrete Materials, Inc.; Sly, Inc. (f/k/a W.W. Sly Manufacturing, Inc.); Southern Silica of Louisiana, Inc.; Standard Equipment Company, Inc.; Standard Equipment; The Carborundum Company; Truman's, Inc.; and U.S. Silica Company (f/k/a Pennsylvania Glass Sand Corp.).

3. 3M Company f/k/a Minnesota Mining and Manufacturing Company; Textron Inc.; Norton Company n/k/a Saint–Gobain Abrasives, Inc.; Siebe North, Inc. n/k/a North Safety Products, Inc.; Parmelee Industries, Inc., d/b/a Chicago Eye Shield Company; and Phillips Building Supply of Laurel, Inc.

plaintiffs' similar allegations that defendants knew or should have known of the danger to persons exposed to silica products and failed to warn, or inadequately warned, of this danger. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. We note that pending motions to remand these actions to Mississippi state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347–48 (Jud. Pan.Mult.Lit.2001).

█ No federal district stands out as a focal point in this litigation involving both plaintiffs and defendants from across the United States. Thus, we have searched for a transferee judge with the time and experience to steer this docket on a prudent course. By centralizing this matter in the Southern District of Texas before Judge Janis Graham Jack, an experienced transferee judge for multidistrict litigation, we are assigning these actions to a seasoned jurist with a relatively low civil caseload.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Janis Graham Jack for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

*MDL–1553—In re Silica Products Liability Litigation*

*Northern District of Mississippi*

*C.W. Fortney, et al. v. AEARO, et al.,* C.A. No. 2:03–160

*Joe Gary, et al. v. Air Liquide America Corp., et al.,* C.A. No. 4:03–224

*Cornelius King, et al. v. Air Liquide America Corp., et al.,* C.A. No. 4:03–225

*Daisy R. Holt, et al. v. Air Liquide America Corp., et al.,* C.A. No. 4:03–226

*Alvin Nash, et al. v. AEARO, et al.,* C.A. No. 4:03–234

*Southern District of Mississippi*

*Barney L. McGee, et al. v. AEARO, et al.,* C.A. No. 2:03–261

*Robert Weathersby, et al. v. AEARO, et al.,* C.A. No. 2:03–262

*Jimmy Byrne, et al. v. AEARO, et al.,* C.A. No. 3:03–613

*Mary Sullivan, et al. v. AEARO, et al.,* C.A. No. 3:03–614

*Robert Dent, et al. v. AEARO, et al.,* C.A. No. 3:03–615

*Willie Baldwin, et al. v. Graco Enterprises, et al.,* C.A. No. 4:03–159

*John Prince, et al. v. Pearl River Sand & Gravel Co., et al.,* C.A. No. 4:03–160

*Frankie M. Ulmer, et al. v. AEARO, et al.,* C.A. No. 4:03–169

*David McLaurin, et al. v. AEARO, et al.,* C.A. No. 4:03–170

*Otha Lee Nichols, et al. v. AEARO, et al.,* C.A. No. 4:03–171

*Sebell Clark, et al. v. Air Liquide America Corp., et al.,* C.A. No. 5:03–238

*James Braxton, et al. v. AEARO, et al.,* C.A. No. 5:03–250

*James Robinson, et al. v. AEARO, et al.,* C.A. No. 5:03–251

*Charles Irons, et al. v. AEARO, et al.,* C.A. No. 5:03–252

*James G. McDuff, et al. v. AEARO, et al.,* C.A. No. 5:03–253

*Lee A. Shows, et al. v. AEARO, et al.,* C.A. No. 5:03–254

*Melvin Roberts, et al. v. AEARO, et al.,*
C.A. No. 5:03–255