In re AIR CRASH NEAR KIRKS-
VILLE, MISSOURI, ON OC-
TOBER 19, 2004

No. MDL 1702.

Judicial Panel on Multidistrict Litigation.

Aug. 16, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of eight actions in the Eastern District of Missouri and two actions in the Northern District of Texas as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in one of the Eastern District of Missouri actions for coordinated or consolidated pretrial proceedings of these actions in the Eastern District of Missouri. Defendants[2] support centralization but prefer the Northern District of Texas as the transferee district. Plaintiffs in the Northern District of Texas actions oppose the motion, but if centralization is granted, these plaintiffs would prefer transfer to the Northern District of Texas.

---

* Judge Motz took no part in the decision of this matter.

1. The parties have notified the Panel of an additional action pending in the Northern District of Texas. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. Corporate Airlines, Inc. (n/k/a RegionsAir, Inc.); Trans State Airlines, Inc.; American Airlines, Inc.; and AMR Corp.

■ On the basis of the papers filed and hearing session held, the Panel finds that these ten actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions concern the cause or causes of the crash of an airplane near Kirksville, Missouri, on October 19, 2004. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Any pending motion to remand an action to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347–48 (Jud.Pan.Mult.Lit.2001).

■ We are persuaded that the Eastern District of Missouri is an appropriate transferee forum for this docket. This district contains a majority of the actions in this litigation. Furthermore, relevant discovery will likely be found within this district, because the accident occurred there, as well as in neighboring Tennessee, where personnel from defendant Corporate Airlines, Inc., are located.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Missouri are trans-ferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Jean C. Hamilton for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–1702—In re Air Crash Near Kirksville, Missouri, on October 19, 2004*

*Eastern District of Missouri*

*Everest National Insurance Co. v. Corporate Airlines, Inc.,* C.A. No. 4:05–60

*Jeffrey T. Diffenderfer, et al. v. Corporate Airlines, Inc., et al.,* C.A. No. 4:05–191

*A.D.M., et al. v. Corporate Airlines, Inc., et al.,* C.A. No. 4:05–245

*Susanne Wandel, etc. v. American Airlines, Inc., et al.,* C.A. No. 4:05–370

*Mary E. Sarantino, etc. v. American Airlines, Inc., et al.,* C.A. No. 4:05–445

*Diane Varidin, et al. v. American Airlines, Inc., et al.,* C.A. No. 4:05–555

*John E. Krogh, et al. v. Corporate Airlines, Inc., et al.,* C.A. No. 4:05–729

*E.M.W., et al. v. Corporate Airlines, Inc., et al.,* C.A. No. 4:05–730

*Northern District of Texas*

*Karlene Ator, etc. v. American Airlines, Inc., et al.,* C.A. No. 3:05–159

*Alicia Talley, etc. v. American Airlines, Inc., et al.,* C.A. No. 3:05–160