### In re MARSH & MCLENNAN COMPANIES, INC., SECURITIES LITIGATION

#### No. 1744.

Judicial Panel on Multidistrict Litigation.

April 18, 2006.

---

Before WM. TERRELL HODGES,*
Chairman, JOHN F. KEENAN, D.
LOWELL JENSEN, J. FREDERICK
MOTZ, ROBERT L. MILLER, Jr.,
KATHRYN H. VRATIL and DAVID R.
HANSEN, Judges of the Panel.

*Judge Hodges did not participate in the decision of this matter.

1. Defendants' original motion sought to transfer nine actions; a Central District of California action and a District of Oregon action, however, have since been remanded to state court. Panel consideration of those actions is thus moot. Further, another Central District of California action subject to the original motion was transferred under 28 U.S.C. § 1404 to the Southern District of New York

## TRANSFER ORDER

John F. Keenan, Acting Chairman.

This litigation currently consists of seven actions listed on the attached Schedule A and pending in two districts as follows: six actions in the Southern District of New York, five of which have been consolidated, and one·action in the Eastern District of New York. Defendants Marsh & McLennan Companies, Inc. (MMC) and Marsh Inc. (Marsh) move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of New York.[1] Lead plaintiffs [2] in the consolidated New York action support defendants' motion. Plaintiffs in the Eastern District of New York action oppose centralization.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share factual questions arising from alleged misrepresentations or omissions concerning the financial condition of Marsh and MMC, which was purportedly weakened by defendants' illicit business practices that included bid-rigging and receiving kickbacks in an effort to steer business to particular insurers. Centralization under Section 1407 is necessary in order to

and is included among the six actions pending in that district.

2. The Public Employees' Retirement System of Ohio; the State Teachers' Retirement System of Ohio; the Ohio Bureau of Workers' Compensation; and the State of New Jersey, Department of the Treasury, Division of Investment on behalf of itself and The Common Pension Fund A, the DCP Equity Fund, and the Supplemental Authority Fund.

eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, plaintiffs in the Eastern District of New York action argue that federal jurisdiction is lacking over their action. These plaintiffs alternatively urge the Panel not to transfer their action before the Eastern District of New York court has had an opportunity to rule on their pending motion to remand. We find plaintiffs' opposition unpersuasive. Plaintiffs' motion to remand, if not resolved by the transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347–48 (Jud. Pan.Mult.Lit.2001).

We conclude that the Southern District of New York is an appropriate forum for this docket. This district is a likely source of relevant documents and witnesses, inasmuch as Marsh and MMC are headquartered there. Moreover, all but one of the actions currently before the Panel are already pending in the Southern District of New York before Judge Shirley Wohl Kram, who has had an opportunity to become familiar with the litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending in the Eastern District of New York is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Shirley Wohl Kram for coordinated or consolidated pretrial proceedings with the actions pending in that district.

## SCHEDULE A

*MDL–1744—In re Marsh & McLennan Companies, Inc., Securities Litigation*

*Eastern District of New York*

*Frank A. Lee, et al. v. Marsh & McLennan Companies, Inc., et al.,* C.A. No. 1:05–5175

*Southern District of New York*

*In re Marsh & McLennan Companies, Inc. Securities Litigation,* C.A. No. 1:04–8144

*Frederic Ian Fischbein, etc. v. Marsh & McLennan Companies, Inc., et al.,* C.A. No. 1:04–8179

*Michael Feder v. Marsh & McLennan Companies, Inc., et al.,* C.A. No. 1:04–8225

*Arnold Spitz v. Marsh & McLennan Companies, Inc., et al.,* C.A. No. 1:04–8923

*Anne E. Flynn v. Marsh & McLennan Companies, Inc., et al.,* C.A. No. 1:04–9300

*Merne Young v. Marsh & McLennan Companies, Inc., et al.,* C.A. No. 1:06–1016