# In re VONAGE INITIAL PUBLIC OFFERING (IPO) SECURITIES LITIGATION

### No. MDL 1799.

Judicial Panel on Multidistrict Litigation.

Jan. 9, 2007.

---

Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of fourteen actions listed on the attached Schedule A and pending in two districts as follows: thirteen actions in the District of New Jersey and one action in the Eastern District of New York.[1] Six of the docket's defendants[2] originally moved the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing the litigation in a single district for coordinated or consolidated pretrial proceedings without suggesting a transferee forum. Supporting centralization specifically in the District of New Jersey in their responses to the motion were defendants Vonage Holdings Corp. (Vonage) and certain of its officers and directors, an individual plaintiff in one of the thirteen New Jersey actions, and The Zyssman Group, which has moved to be appointed lead plaintiff in various New Jersey actions. At oral argument in this docket, movants joined these respondents in supporting selection of the New Jersey forum as transferee district. Plaintiff in

1. As originally scheduled for consideration by the Panel, the Section 1407 motion pertained to two additional actions pending in the District of New Jersey: *Roy Bradley Lang III v. Vonage Holdings Corp., et al.,* C.A. No. 3:06–2500, and *Steven R. Norsworthy v. Vonage Holdings Corp., et al.,* C.A. No. 3:06–3192. The *Lang* action was voluntarily dismissed by plaintiff on September 7, 2006. Accordingly, the question of Section 1407 transfer with respect to this action is moot. In addition, at the November 30, 2006, Panel hearing, movants stated that they no longer sought inclusion of the *Norsworthy* action in Section 1407 proceedings and asked to amend their motion for transfer accordingly. No party appearing at the hearing opposed this request. Accordingly, the Panel will grant the request to amend the Section 1407 transfer motion to exclude *Norsworthy* from consideration.

2. Citigroup Global Markets Inc., Deutsche Bank Securities Inc., UBS Securities LLC, Bear Stearns & Co. Inc., Piper Jaffray & Co., and Thomas Weisel Partners LLC.

the Eastern District of New York action opposes transfer of his action.

 On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of these putative class actions raises allegations relating to the initial public offering of the common stock of Vonage. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification issues), and conserve the resources of the parties, their counsel and the judiciary.

Plaintiff in the Eastern District of New York action premises his opposition to Section 1407 transfer on the argument that federal jurisdiction is lacking in his action. He urges the Panel not to order transfer until his motion for remand to state court is resolved in the New York federal court. That motion, however, if not resolved in the transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee judge. *See In re Ivy*, 901 F.2d 7 (2d Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347–48 (Jud.Pan. Mult.Lit.2001).

 We conclude that the District of New Jersey is an appropriate transferee forum in this docket for the following reasons: i) all but one of the actions in this docket were initially brought in that district; ii) Vonage is located in that district, and many of the relevant acts and transactions are alleged to have taken place there; and iii) no party supports centralization in any other district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action in this litigation pending in the Eastern District of New York and listed on Schedule A is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–1799—In re Vonage Initial Public Offering (IPO) Securities Litigation*

*District of New Jersey*

*Kevin Gibbons v. Vonage Holdings Corp., et al.*, C.A. No. 3:06–2531

*Sherwin Newborn v. Vonage Holdings Corp., et al.*, C.A. No. 3:06–2631

*Douglas M. Werman v. Vonage Holdings Corp., et al.*, C.A. No. 3:06–2634

*Marvin Wong, et al. v. Vonage Holdings Corp., et al.*, C.A. No. 3:06–2666

*Susana Shafir v. Vonage Holdings Corp., et al.*, C.A. No. 3:06–2735

*Michael Haber v. Vonage Holdings Corp., et al.*, C.A. No. 3:06–2765

*Marc Weinberg v. Vonage Holdings Corp., et al.*, C.A. No. 3:06–2773

*Jitendra Bansal v. Vonage Holdings Corp., et al.*, C.A. No. 3:06–2961

*Moses Greenfield v. Vonage Holdings Corp., et al.*, C.A. No. 3:06–3023

*Mark Goldman v. Vonage Holdings Corp., et al.*, C.A. No. 3:06–3032

*Navaid Alam v. Vonage Holdings Corp., et al.*, C.A. No. 3:06–3039

*Eric Bernath v. Vonage Holdings Corp., et al.*, C.A. No. 3:06–3066

*Albert So v. Vonage Holdings Corp., et al.*, C.A. No. 3:06–3237

*Eastern District of New York*
*Marc Rovner v. Vonage Holdings Corp.,*
*et al.,* C.A. No. 1:06–3403