473 F.Supp.2d 1379 (2007)
In re MERSCORP INC., et al., REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) LITIGATION
Eric Kinney
v.
MERSCORP Inc., et al., W.D. Arkansas, C.A. No. 4:06-4055
Justin. M. Papian
v.
Mortgage Electronic Registration Systems, Inc., et al., S.D. Iowa, C.A. 4:06-417
Victoria L. Robinson
v.
MERSCORP Inc., et al., D. Kansas, C.A. No. 2:06-2402
Stafford Griffin
v.
MERSCORP Inc., et al., W.D. Missouri, C.A. No. 4:06-790
Aimee Haws Pier
v.
MERSCORP Inc., et al., D. Montana, C.A. No. 9:06-148
Leonard W. Stewart, et al.
v.
MESCORP Inc., et al., D. South Dakota, C.A. No. 4:06-4148
Rochelle Knighton
v.
MERSCORP Inc., et al., E.D. Texas, C.A. No. 5:06-78
Onetha Ward
v.
MERSCORP Inc., et al., E.D. Texas, C.A. No. 5:06-213
No. MDL 1810.
Judicial Panel on Multidistrict Litigation.
January 10, 2007.
Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

TRANSFER ORDER
WM. TERRELL HODGES, Chairman.
This litigation currently consists of two actions pending in the Eastern District of Texas, and one action pending in each of the following districts: the Western District of Arkansas, the Southern District of Iowa, the District of Kansas, the Western District of Missouri, the District of Montana, and the District of South Dakota.[1] Plaintiffs in these eight actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of Texas. The litigation's two defendants, MERSCORP Inc. and Mortgage Electronic Registration Systems, Inc., agree that centralization is appropriate, and also agree with plaintiffs' suggested transferee forum.
On the basis of the papers filed and hearing session held, the Panel finds that these eight actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All these actions are putative statewide class actions that share factual questions concerning defendants' imposition of a mortgage loan registration fee. Plaintiffs bring claims under the Real Estate Settlement Procedures. Act and Racketeering Influenced Corrupt Organizations Act. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.
While the Eastern District of Texas was the stipulated choice of the parties as *1380 transferee forum for this docket, that court declined the assignment due to its heavy caseload. Instead, we conclude that the Southern District of Texas is an appropriate transferee forum in that i) two of the eight actions, including the first-filed action, are already pending in that state; and Judge Janis Graham Jack, whom we are selecting as the transferee judge, is an experienced jurist in multidistrict litigation.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions in this litigation are transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Janis Graham Jack for coordinated or consolidated pretrial proceedings.
NOTES
[1] The Panel has been notified of ten additional related actions pending in ten other districts. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).