# In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION.

## Judith Maher v. Guidant Corp., et al., N.D. Illinois, C.A. No. 1:07–6561.

## MDL No. 1708.

United States Judicial Panel on Multidistrict Litigation.

April 4, 2008.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA *, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel***: Plaintiff has moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), to vacate our order conditionally transferring the action to the District of Minnesota for inclusion in MDL No. 1708. Defendants Guidant Corp. and Guidant Sales Corp. (collectively Guidant) oppose the motion to vacate.

After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the District of Minnesota, and that transfer of this action to the District of Minnesota for inclusion in MDL No. 1708 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this dock-

---

* Judge Scirica took no part in the decision of    this matter.

et. In that order, we held that the District of Minnesota was a proper Section 1407 forum for actions involving claims arising from alleged defects in implantable defibrillators and pacemakers manufactured by Guidant. *See In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 398 F.Supp.2d 1371 (J.P.M.L.2005).

Plaintiff can present her motion for remand to state court to the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347–48 (J.P.M.L.2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.