(2008)
In re: ZYPREXA PRODUCTS LIABILITY LITIGATION
Greg Bounds
v.
Pine Belt Mental Health Care Resources, et al., S.D. Mississippi, C.A. No. 2:07-356
MDL No. 1596.
United States Judicial Panel on Multidistrict Litigation.
April 4, 2008.

TRANSFER ORDER
JOHN G. HEYBURN, II, Chairman.
Before the entire Panel*: Plaintiff moves, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring his action to the Eastern District of New York for inclusion in MDL No. 1596. Defendant Eli Lilly and Co. (Lilly) opposes the motion to vacate.
After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Eastern District of New York, and that transfer of this action to the Eastern District of New York for inclusion in MDL No. 1596 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of New York was a proper Section 1407 forum for actions involving claims of injury related to the prescription drug Zyprexa. See In re Zyprexa Products Liability Litigation, 314 F.Supp.2d 1380 (J.P.M.L.2004).
Plaintiff can present any motions on jurisdictional issues to the transferee court. See, e.g., In re Ivy, 901 F.2d 7 (2nd Cir. 1990); In re Prudential Insurance Company of America Sales Practices Litigation, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L.2001).
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack "B. Weinstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.