In re: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION.

MDL No. 1871.

United States Judicial Panel on Multidistrict Litigation.

April 8, 2008.

Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II, Chairman *, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, and ANTHONY J. SCIRICA *, Judges of the Panel.

## TRANSFER ORDER

D. LOWELL JENSEN, Acting Chairman.

**Before the entire Panel \*:** Plaintiffs in nine actions listed on Schedule A and pending in the Central District of California (one action) and the Northern District of California (eight actions), respectively, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), to vacate our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 1871. Responding defendant SmithKlineBeecham Corp. d/b/a/ GlaxoSmithKline (GSK) opposes the motions.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these nine actions to the Eastern District of Pennsylvania for inclusion in MDL No. 1871 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In

---

* Judges Heyburn and Scirica took no part in the disposition of this matter.

that order, we held that the Eastern District of Pennsylvania was a proper Section 1407 forum for actions arising from allegations that certain diabetes drugs manufactured by GSK—Avandia and/or two sister drugs containing Avandia (Avandamet and Avandaryl)—cause an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk. *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 528 F.Supp.2d 1339 (Jud.Pan.Mult.Lit.2007).

 Movants argue that these actions involve unique claims concerning the marketing and promotion of Avandia in California, and focus on alleged violations of state statutory and common law. Section 1407, however, does not require a complete identity or even majority of common factual and legal issues as a prerequisite to centralization. Transfer under the statute has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (Jud.Pan.Mult.Lit.1976); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Plaintiffs can present their motions for remand to state court to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347–48 (Jud. Pan.Mult.Lit.2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these nine actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

## SCHEDULE A

MDL No. 1871 — **IN RE AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

*Central District of California*

 *Leslie Boone v. GlaxoSmithKline Corp., et al.*, C.A. No. 2:07–7699

*Northern District of California*

 *Dorothy Bone, et al. v. SmithKline Beecham Corp., et al.*, C.A. No. 3:07–5886

 *James Hall v. SmithKline Beecham Corp., et al.*, C.A. No. 3:07–5887

 *James Jefferson v. SmithKline Beecham Corp., et al.*, C.A. No. 3:07–5888

 *George Fisher v. SmithKline Beecham Corp., et al.*, C.A. No. 3:07–5889

 *Hector Thornton v. SmithKline Beecham Corp., et al.*, C.A. No. 3:07–5890

 *Ivan Upshaw v. SmithKline Beecham Corp., et al.*, C.A. No. 3:07–5891

 *Rose Hefner, et al. v. SmithKline Beecham Corp., et al.*, C.A. No. 3:07–6050

 *Richard Bowles, et al. v. SmithKline Beecham Corp., et al.*, C.A. No. 3:07–6328