In re: BAUSCH & LOMB INC. CONTACT LENS SOLUTION PRODUCTS LIABILITY LITIGATION

Jose Erasmo Hinojosa v. Bausch & Lomb, Inc., et al., S.D. Texas, C.A. No. 7:08–6.

MDL No. 1785.

United States Judicial Panel on Multidistrict Litigation.

June 5, 2008.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiff in an action pending in the Southern District of Texas has moved pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), asking the Panel to vacate its order conditionally transferring the action to the District of South Carolina for inclusion in MDL No. 1785. Defendant Bausch & Lomb (B & L) opposes the motion.

After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the District of South Carolina, and that transfer of the action to the District of South Carolina for inclusion in MDL No. 1785 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that

the District of South Carolina was a proper Section 1407 forum for actions involving allegations regarding (1) the development, testing, manufacturing and marketing of B & L's contact lens solution, Renu with MoistureLoc; and (2) B & L's knowledge concerning Renu with MoistureLoc's allegedly adverse effects, in particular the potential for this product to cause a certain type of eye infection known as fungal keratitis. *See In re Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation,* 444 F.Supp.2d 1336 (J.P.M.L. 2006).

Plaintiff can present his motion to remand the action to state court to the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347–48 (J.P.M.L.2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable David C. Norton for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.