## In re: RECIPROCAL OF AMERICA (ROA) SALES PRACTICES LITIGATION.

### MDL No. 1551.

United States Judicial Panel on Multidistrict Litigation.

June 5, 2008.

decision of this matter.

Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II *, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

### TRANSFER ORDER

D. LOWELL JENSEN, Acting Chairman.

**Before the entire Panel \*:** Defendant General Reinsurance Corp. moves, pursuant to 28 U.S.C. § 1407(c), to transfer three Middle District of Tennessee actions listed on Schedule A to the Western District of Tennessee. The plaintiff in all three actions opposes the motion.

After considering all argument of counsel, we find that these actions involve common questions of fact with the actions in this litigation previously transferred to the Western District of Tennessee, and that transfer of these actions to the Western District of Tennessee for inclusion in MDL No. 1551 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Western District of Tennessee was a proper Section 1407 forum for actions involving allegations that various combinations of overlapping defendants conspired to mislead plaintiffs and putative class members with respect to the financial stability of certain insurance companies that provided professional malpractice coverage to the plaintiffs and members of the putative classes. *See In re Reciprocal of America (ROA) Sales Practices Litigation*, 281 F.Supp.2d 1356 (J.P.M.L.2003).

Plaintiff can present the motions for remand to state court to the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347–48 (J.P.M.L.2001).

Plaintiff argues against transfer, *inter alia*, that the transferee court previously dismissed the only federal cause of action brought by this plaintiff and expressly declined to exercise supplemental jurisdiction over the remaining claims brought under Tennessee state law. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this

---

\* Judge Heyburn took no part in the decision of this matter.

argument. The three actions share factual questions arising from relationships and transactions substantially similar to those at issue in MDL No. 1551, and the presence of additional or differing legal theories is not significant when the actions still arise from a common factual core, in this instance, a series of complicated reinsurance transactions and agreements. Given the transferee judge's familiarity with the proceedings in MDL No. 1551, including his prior rulings, he is well situated to determine the degree that the claims in these three actions will benefit from centralized pretrial proceedings with the claims in the actions pending in MDL No. 1551. It may be, on close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436–38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the three actions listed on Schedule A are transferred to the Western District of Tennessee and, with the consent of that court, assigned to the Honorable J. Daniel Breen for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

### SCHEDULE A

MDL No. 1551 — **IN RE: RECIPROCAL OF AMERICA (ROA) SALES PRACTICES LITIGATION**

*Middle District of Tennessee*

*State of Tennessee ex rel. Leslie A. Newman v. General Reinsurance Corp., et al.,* C.A. No. 3:07–1112

*State of Tennessee ex rel. Leslie A. Newman v. General Reinsurance Corp., et al.,* C.A. No. 3:07–1113

*State of Tennessee ex rel. Leslie A. Newman v. General Reinsurance Corp., et al.,* C.A. No. 3:07–1114