### In re: GADOLINIUM CONTRAST DYES PRODUCTS LIABILITY LITIGATION.

### MDL No. 1909.

United States Judicial Panel on Multidistrict Litigation.

June 6, 2008.

Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II, Chairman *, J. FREDERICK MOTZ *, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA, Judges of the Panel.

* Judges Heyburn and Motz did not participate

### TRANSFER ORDER

D. LOWELL JENSEN, Acting Chairman.

**Before the entire Panel ***: Plaintiffs in three actions listed on Schedule A and pending, respectively, in the Central District of California, the Western District of Louisiana, and the District of New Jersey, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), asking the Panel to vacate the respective portions of its orders conditionally transferring their actions to the Northern District of Ohio for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Dan A. Polster. Responding defendants General Electric Company, GE Healthcare, Inc., and GE Healthcare Bio-sciences Corp. (the GE defendants), and Mallinckrodt, Inc. (Mallinckrodt), support transfer of the actions.

After considering all argument of counsel, we find that the actions involve common questions of fact with actions in this litigation previously transferred to the Northern District of Ohio, and that transfer of these actions to the Northern District of Ohio for inclusion in MDL No. 1909 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Northern District of Ohio was a proper Section 1407 forum for products liability actions involving allegations that gadolinium based contrast dyes manufactured by various defendants, including the GE defendants and Mallinckrodt, may cause a

in the disposition of this matter.

disease known as nephrogenic systemic fibrosis in patients with impaired renal function. *See In re Gadolinium Contrast Dyes Products Liability Litigation,* 536 F.Supp.2d 1380 (J.P.M.L.2008).

Plaintiffs can present their motions for remand to state court to the transferee court. *See, e.g., In re Ivy,* 901 F.2d 7 (2nd Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L.2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

### SCHEDULE A

MDL No. 1909 — **In re: Gadolinium Contrast Dyes Products Liability Litigation**

*Central District of California*

Priscilla Geffen, et al. v. General Electric Co., et al., C.A. No. 2:08–1110

*Western District of Louisiana*

Irven S. Shelton, et al. v. General Electric Co., et al., C.A. No. 2:07–1951

*District of New Jersey*

Claudia Ethington, et al. v. General Electric Co., et al., C.A. No. 3:07–5985