560 F.Supp.2d 1371 (2008)
In re MERSCORP INC., et al., REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) LITIGATION
Leigh Breon v. Georgia Bank & Trust Co. of Augusta, et al., S.D. Georgia, C.A. No. 1:08-10
Robert L. Ward v. Wachovia Mortgage Corp., et al., S.D. Georgia, C.A. No. 4:08-32.
MDL No. 1810.
United States Judicial Panel on Multidistrict Litigation.
June 6, 2008.
Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA*, Judges of the Panel.

TRANSFER ORDER
JOHN G. HEYBURN II, Chairman.
Before the entire Panel: Plaintiffs in these two actions (Breon and Ward) pending in the Southern District of Georgia have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our orders conditionally transferring the actions to the Southern District of Texas for inclusion in MDL No. 1810. Responding defendants[1] oppose the motions.
After considering all argument of counsel, we find that Breon and Ward *1372 involve common questions of fact with actions in this litigation previously transferred to the Southern District of Texas, and that transfer of the actions to the Southern District of Texas for inclusion in MDL No. 1810 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of Breon and Ward is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of Texas was a proper Section 1407 forum for actions "shar[ing] factual questions concerning [the] imposition of a mortgage loan registration fee." See In re Merscorp Inc., Real Estate Settlement Procedures Act (RESPA) Litigation, 473 F.Supp.2d 1379, 1379 (J.P.M.L.2007).
In denying plaintiffs' motions, we recognize that the transferee judge recently entered an order dismissing the MDL plaintiffs' Real Estate Settlement Procedures Act (RESPA) claims, which the record shows were the only claims remaining in MDL No. 1810. That development, however, does not limit either the Panel's authority or the transferee judge's authority under Section 1407. See In re: Helicopter Crash Near Wendle Creek, British Columbia on August 8, 2002, 542 F.Supp.2d 1362, 1363 (J.P.M.L.2008). Plaintiffs here have also brought RESPA claims, and the transferee judge is clearly in the best position to determine the effect of her recent order on those claims. See id. ("[T]he transferee judge has developed a familiarity with the allegations, issues, parties and counsel involved in this docket, which will further the expeditious resolution of the litigation taken as a whole.").
In opposing transfer, the Breon and Ward plaintiffs argue that their actions involve not only RESPA but also unique state law claims. Transfer under Section 1407, however, does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. See, e.g., In re: Avandia Marketing, Sales Practices and Products Liability Litigation, 543 F.Supp.2d 1376, 1378 (J.P.M.L.2008). Although the record indicates that the Panel earlier remanded at the transferee judge's suggestion the state law claims brought by plaintiffs in a District of New Hampshire action and a Southern District of Indiana action, we find transfer of Breon and Ward in toto appropriate. The transferee judge is best able to determine whether the state law claims in the two actions should be retained within MDL No. 1810. Should she deem remand of those (or other) claims to be warranted, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Janis Graham Jack for inclusion in MDL No. 1810.
NOTES
[1] MERSCORP, Inc., and Mortgage Electronic Registration Systems with respect to both actions, joined by Georgia Bank & Trust Co. of Augusta with respect to the Breon action.