In re FORD MOTOR CO. SPEED CONTROL DEACTIVATION SWITCH PRODUCTS LIABILITY LITIGATION

Michael T. Iley, et al. v. Ford Motor Co., et al., M.D. Florida, C.A. No. 8:05-1139

Robert Nicholas Dill, Sr., et al. v. Ford Motor Co., et al., M.D. Florida, C.A. No. 8:05-1234

Joseph T. Whittington v. Ford Motor Co., E.D. Louisiana, C.A. No. 2:05-2469

Marcus Ebow v. Ford Motor Co., E.D. Michigan, C.A. No. 2:05-70781

Arlene J. Castrow, et al. v. Ford Motor Co., W.D. Washington, C.A. No. 3:05-5422

No. MDL 1718.

Judicial Panel on Multidistrict Litigation.

Oct. 28, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN,* D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of two actions pending in the Middle District of Florida and one action pending in each of the following districts: the Eastern District of Louisiana, the Eastern District of Michigan, and the Western District of Washington.[1] Defendants[2] move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of Michigan. Plaintiffs in the Eastern District of Michigan action and the Western District of Washington action support centralization, but prefer transfer to the Western District of Washington. Plaintiffs in the Middle District of Florida actions and the Eastern District of Louisiana action oppose transfer; should the Panel centralize these actions, the former plaintiffs would favor their district as transferee district, while the latter plaintiff would opt for the Western District of Washington.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions are putative class actions that share factual questions regarding whether certain Ford vehicles were equipped with defective or defectively-installed speed control deactivation switches. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the

---

* Judge Keenan took no part in the decision of this matter.

1. The Panel has been notified of four additional actions pending respectively in the Southern District of Florida, the Southern District of Illinois, the Western District of Louisiana, and the Southern District of Texas.

These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. Ford Motor Co. (Ford), Karl Flammer Ford, Inc., and Bill Currie Ford, Inc.

resources of the parties, their counsel and the judiciary.

Objecting plaintiffs cite the unique qualities of their respective actions, such as the scope of the proposed class and the particular remedies sought, as grounds for opposing centralization. These arguments are unpersuasive because the presence of differing theories or remedies is outweighed when the underlying actions still arise from a common factual core, as the actions do here. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common party and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions. Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *In re Smith Patent Litigation,* 407 F.Supp. 1403, 1404 (Jud.Pan.Mult.Lit.1976). Section 1407 centralization will thus enable pretrial proceedings to be conducted in a manner that will lead to the just and expeditious resolution of all actions, which is to the overall benefit of all parties.

We are persuaded that the Eastern District of Michigan is an appropriate transferee forum for this litigation. The Eastern District of Michigan i) contains the first-filed action; and ii) is a likely source of relevant documents and witnesses inasmuch as Ford's headquarters are located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Eastern District of Michigan are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Bernard A. Friedman for coordinated or consolidated pretrial proceedings with the action pending in that district.