**In re: FORD MOTOR CO. SPEED CONTROL DEACTIVATION SWITCH PRODUCTS LIABILITY LITIGATION**

**Terry R. Hamlin, et al. v. Ford Motor Co., et al., E.D. Oklahoma, C.A. No. 6:07–372**

**Rudolpho Reyes, et al. v. Autos Etc., Ltd., et al., W.D. Texas, C.A. No. 6:07–352.**

**MDL No. 1718.**

United States Judicial Panel on Multidistrict Litigation.

April 8, 2008.

Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II, Chairman *, J. FREDERICK MOTZ*, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, and ANTHONY J. SCIRICA *, Judges of the Panel.

### TRANSFER ORDER

D. LOWELL JENSEN, Acting Chairman.

**Before the entire Panel \*:** Plaintiffs in two actions pending, respectively, in the Eastern District of Oklahoma and the Western District of Texas have moved pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), asking the Panel to vacate its order conditionally transferring the actions to the Eastern District of Michigan for inclusion in MDL No. 1718. Defendant Ford Motor Co. (Ford) opposes the motions.

■ After considering all argument of counsel, we find that these actions involve common questions of fact with the actions in this litigation previously transferred to the Eastern District of Michigan, and that

transfer of these actions to the Eastern District of Michigan for inclusion in MDL No. 1718 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Michigan was a proper Section 1407 forum for actions involving allegations that certain Ford vehicles were equipped with defective or defectively-installed speed control deactivation switches. *See In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation,* 398 F.Supp.2d 1365 (Jud.Pan.Mult.Lit.2005).

■ Plaintiffs argue against transfer that, *inter alia,* these actions should be excluded because they involve facts independent of MDL No. 1718 and because transfer will cause undue delay to the actions. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. Transfer under Section 1407 has the salutary effect of placing related actions before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Products Liability Litigation,* 314 F.Supp.2d 1373, 1375 (Jud.Pan.Mult.Lit.2004); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Should the circumstances regarding any action in MDL No. 1718 develop such that the transferee judge determines that continued inclusion of a claim or action no

---

\* Judges Heyburn and Scirica did not participate in the decision of this matter. Judge Motz took no part in the disposition of this matter with respect to the Eastern District of Oklahoma *Hamlin* action.

longer remains advisable, and accordingly the transferee court deems Section 1407 remand of any claim or action appropriate, procedures are available whereby this may be accomplished with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436–38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Bernard A. Friedman for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.