## In re: FORD MOTOR CO. SPEED CONTROL DEACTIVATION SWITCH PRODUCTS LIABILITY LITIGATION.

### MDL No. 1718.

United States Judicial Panel on Multidistrict Litigation.

June 6, 2008.

---

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiffs in four actions pending, respectively, in the Middle District of Florida, the Northern District of Georgia, the Southern District of Georgia, and the Eastern District of North Carolina, as listed on Schedule A, have moved pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), asking the Panel to vacate its orders conditionally transferring the actions to the Eastern District of Michigan for inclusion in MDL No. 1718. Defendant Ford Motor Co. (Ford) opposes the motions.

After considering all argument of counsel, we find that these actions involve common questions of fact with the actions in this litigation previously transferred to the Eastern District of Michigan, and that transfer of these actions to the Eastern District of Michigan for inclusion in MDL No. 1718 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Michigan was

a proper Section 1407 forum for actions involving allegations that certain Ford vehicles were equipped with defective or defectively-installed speed control deactivation switches. *See In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation*, 398 F.Supp.2d 1365 (J.P.M.L.2005).

Plaintiffs in the Florida action can present their motion to remand the action to state court to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347–48 (J.P.M.L.2001).

Plaintiffs in the Georgia and North Carolina actions argue against transfer that, *inter alia*, these actions should be excluded because they involve facts independent of MDL No. 1718 and because transfer will unduly delay resolution of the actions. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. Transfer under Section 1407 has the salutary effect of placing related actions before a single judge who can formulate a pretrial program that (1) allows discovery with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L.2004); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Should the circumstances regarding any action in MDL No. 1718 develop such that the transferee judge determines that continued inclusion of a claim or action no longer remains advisable, and accordingly the transferee court deems Section 1407 remand of any claim or action appropriate, procedures are available whereby this may be accomplished with a minimum of delay

following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436–38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Bernard A. Friedman for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

## SCHEDULE A

**MDL No. 1718 — In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation**

*Middle District of Florida*

*Janet Bramlage, et al. v. Ford Motor Co.,* C.A. No. 6:08–17

*Northern District of Georgia*

*State Farm Mutual Automobile Insurance Co., etc. v. Ford Motor Co.,* C.A. No. 1:07–3222

*Southern District of Georgia*

*John Shaver, Jr., et al. v. Ford Motor Co.,* C.A. No. 2:08–22

*Eastern District of North Carolina*

*Frank Harris v. Ford Motor Co.,* C.A. No. 5:08–7