**In re: VYTORIN/ZETIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION.**

**MDL No. 1938.**

United States Judicial Panel on Multidistrict Litigation.

April 8, 2008.

Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II, Chairman *, J. FREDERICK MOTZ *, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA *, Judges of the Panel.

## TRANSFER ORDER

D. LOWELL JENSEN, Acting Chairman.

**Before the entire Panel *:** Plaintiffs in eleven actions have submitted five motions,[1] pursuant to 28 U.S.C. § 1407, for centralization of a total of 33 actions. No responding party opposes centralization, but there is disagreement over the selection of a transferee forum. Moving and responding plaintiffs variously support centralization in the following districts: the Northern District of California, the District of Colorado, the Middle District of Florida, the Eastern District of Louisiana, the District of Minnesota, the Southern District of Mississippi, the Eastern or Western District of Missouri, the District of New Jersey, the Southern District of New York, or the Northern District of Ohio. Responding defendants[2] support

---

* Judges Heyburn, Motz and Scirica did not participate in the disposition of this matter.

1. Although additional submissions styled as "motions" were submitted to the Panel, they were docketed as responses in accordance with Panel Rule 7.2(h). *See* Rule 7.2(h), R.P.J.P.M.L., 199 F.R.D. 425, 434 (2001).

2. Merck/Schering–Plough Pharmaceuticals; Merck & Co., Inc. (Merck); Schering–Plough Corp. (Schering–Plough); Schering Corp.;

centralization in the District of New Jersey.

This litigation currently consists of 33 actions listed on Schedule A and pending in seventeen districts as follows: twelve actions in the District of New Jersey, three actions in the Northern District of California, two actions each in the District of Kansas, the Northern District of Mississippi, the Southern District of New York, and the Northern District of Ohio, and one action each in the Eastern District of California, the District of Colorado, the Middle District of Florida, the Southern District of Florida, the Eastern District of Louisiana, the District of Minnesota, the Eastern District of New York, the Southern District of Ohio, the Eastern District of Pennsylvania, and the District of Puerto Rico.[3]

■ On the basis of the papers filed and hearing session held, we find that these 33 actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions concerning allegations relating to the use and/or marketing of the drugs Vytorin and/or Zetia. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to certification of class actions; and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the District of New Jersey is an appropriate transferee forum for this litigation. Because Merck and Schering–Plough have their corporate

Schering–Plough Biopharma; Schering–Plough Healthcare Products, Inc.; Schering–Plough Healthcare Products Sales Corp.; Merck Sharp & Dohme (Italia) S.P.A.; MSP Singapore Co., LLC; and MSP Technology Singapore PTE, Ltd.

headquarters within the District of New Jersey, relevant discovery may be found there. In addition, transfer to this district enjoys the support of defendants and several plaintiffs.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Dennis M. Cavanaugh for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

## SCHEDULE A

MDL No. 1938 — **IN RE VYTORIN/ZETIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

*Eastern District of California*

George Artenstein v. Merck & Co., Inc., et al., C.A. No. 2:08–152

*Northern District of California*

Richard Haskin v. Merck & Co., Inc., et al., C.A. No. 3:08–376

ASEA/AFSCME Local 52 Health Benefits Trust, et al. v. Merck & Co., Inc., et al., C.A. No. 3:08–531

Helen Aronis v. Merck & Co., Inc., et al., C.A. No. 4:08–352

*District of Colorado*

Ronna Dee Kitsmiller, et al. v. Merck & Co., Inc., et al., C.A. No. 1:08–120

**3.** In addition to the 33 actions now before the Panel, the parties have notified the Panel of 67 related actions pending in various districts across the country. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

*Middle District of Florida*

Marion J. Greene v. Merck & Co., Inc., et al., C.A. No. 3:08–69

*Southern District of Florida*

Sam A. Ciotti v. Merck & Co., Inc., et al., C.A. No. 0:08–60077

*District of Kansas*

Charles Swanson, et al. v. Merck & Co., Inc., et al., C.A. No. 2:08–2040

John P. Dudley v. Merck & Co., Inc., et al., C.A. No. 6:08–1027

*Eastern District of Louisiana*

RoseAnn S. Flores v. Merck & Co., Inc., et al., C.A. No. 2:08–674

*District of Minnesota*

Jody Fischer v. Merck & Co., Inc., et al., C.A. No. 0:08–203

*Northern District of Mississippi*

Susan McCulley v. Merck & Co., Inc., et al., C.A. No. 2:08–16

Lisa Mims v. Merck & Co., Inc., et al., C.A. No. 4:08–10

*District of New Jersey*

Rita Polk v. Schering–Plough Corp., et al., C.A. No. 2:08–285

Jay Klitzner v. Schering–Plough Corp., et al., C.A. No. 2:08–316

Sandra Weiss v. Schering–Plough Corp., et al., C.A. No. 2:08–320

Lionel Galperin v. Merck & Co., Inc., et al., C.A. No. 2:08–349

Robert J. McGarry v. Merck & Co., Inc., et al., C.A. No. 2:08–350

Charles D. Maurer, et al. v. Schering–Plough Corp., et al., C.A. No. 2:08–393

Daniel A. Brown v. Merck & Co., Inc., et al., C.A. No. 2:08–395

Steven Knight v. Merck & Co., Inc., et al., C.A. No. 2:08–396

Ken W. Bever v. Schering–Plough Corp., et al., C.A. No. 2:08–430

David DeAngelis v. Schering–Plough Corp., et al., C.A. No. 2:08–431

Ciro Verdi, et al. v. Schering–Plough Corp., et al., C.A. No. 2:08–432

Marilyn Woodman v. Schering–Plough Corp., et al., C.A. No. 2:08–437

*Eastern District of New York*

Sigmond Tomaszewski v. Merck & Co., Inc., et al., C.A. No. 1:08–258

*Southern District of New York*

Joyce B. Rheingold, et al. v. Merck & Co., Inc., et al., C.A. No. 1:08–438

Stanley Levy, et al. v. Merck & Co., Inc., et al., C.A. No. 1:08–491

*Northern District of Ohio*

Theodore Sahley v. Merck & Co., Inc., et al., C.A. No. 1:08–153

Panayiotis Balaouras v. Merck & Co., Inc., et al., C.A. No. 1:08–198

*Southern District of Ohio*

Dennis Kean v. Merck & Co., Inc., et al., C.A. No. 2:08–61

*Eastern District of Pennsylvania*

Fred Singer v. Merck & Co., Inc., et al., C.A. No. 2:08–331

*District of Puerto Rico*

Alexis Alicea–Figueroa, et al. v. Merck & Co., Inc., et al., C.A. No. 3:08–1099