## IN RE: ZIMMER DUROM HIP CUP PRODUCTS LIABILITY LITIGATION.

### MDL No. 2158.

United States Judicial Panel on Multidistrict Litigation.

June 9, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiffs in two actions pending in the Western District of Louisiana and the Eastern District of Texas, respectively, have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the latter district.

Plaintiffs in another Western District of Louisiana action (*Farmer*), a Western District of Kentucky action (*Lovelace*), and potential tag-along actions pending in the Central District of California (*Shallies*), the Middle District of Florida (*Stinson*), and the Southern District of Florida (*Walker*) responded in support of centralization. As an alternative to the Eastern District of Texas as transferee district, the *Farmer* plaintiffs suggest the Western District of Louisiana. The *Lovelace* and *Walker* plaintiffs favor selection of the Northern District of Ohio, while the *Stinson* plaintiff submitted a brief in favor of selection of the Middle District of Florida. Responding defendants Zimmer, Inc., and Zimmer Holdings, Inc. (collectively Zimmer) oppose centralization, as does plaintiff in the Southern District of Ohio *Weygandt* action. If the Panel orders centralization over its objections, then Zimmer favors selection of the Northern District of Indiana, the Northern District of Ohio, the Northern District of Illinois, or the District of New Jersey (in that order) as transferee district.

This litigation currently consists of 45 actions: 33 pending in the District of New Jersey, four in the Western District of Louisiana, two in the Southern District of Ohio, two in the Eastern District of Texas, and one each in the District of Arizona, the Northern District of Illinois, and the Western District of Kentucky, as listed on Schedule A.[1]

■ On the basis of the papers filed and hearing session held, we find that these 45 actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All 45 actions share factual issues as to whether Zimmer's Durom Acetabular Component (or Durom Cup), a device used in hip replacement surgery, was defectively designed and/or manufactured, and whether Zimmer failed to provide adequate warnings concerning the device. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on discovery and other issues, and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Zimmer argues, *inter alia*, that the actions involve

---

1. The Panel has been notified of nine additional related actions. Those actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

multiple individualized fact issues (for example, with respect to causation), and that creation of an MDL might derail its ongoing efforts to settle claims involving the Durom Cup quickly and without the expenditure of substantial time and resources. We understand these arguments, but our experience causes us to respectfully disagree as to their significance. Though the actions certainly present some individual issues, this is usually true of device cases and other products liability cases. Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization. *See In re Denture Cream Products Liability Litigation*, 624 F.Supp.2d 1379, 1381 (U.S.Jud.Pan. Mult.Lit.2009).

More significant for our purposes, these actions do share paramount issues concerning the design, manufacture, testing, and marketing of a single medical device— the Durom Cup. Indeed, centralization has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any noncommon issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (Jud.Pan. Mult.Lit.1976), and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *In re Denture Cream*, 624 F.Supp.2d at 1381. In the event that the transferee judge determines that the further adjudication of certain claims or actions would better take place in the transferor district, we encourage him to suggest remand under Section 1407. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436–38; *In re ClassicStar Mare Lease Litigation*, 528 F.Supp.2d 1345, 1347 (U.S.Jud. Pan.Mult.Lit.2007).

Centralization should pose no realistic obstacle to Zimmer's settlement efforts. Should the parties to one or more actions believe that early resolution through mediation or other means is possible, they are free to approach the transferee judge to adjust the pretrial schedule accordingly. Consistent with our typical practice, we leave determinations concerning the particular manner or course of pretrial proceedings to the transferee judge. *See In re: Cyclobenzaprine Hydrochloride Extended–Release Capsule Patent Litigation*, 657 F.Supp.2d 1375, 1376 (U.S.Jud.Pan. Mult.Lit.2009).

We conclude that the District of New Jersey is an appropriate transferee district for pretrial proceedings in this litigation. A substantial majority of the constituent actions are pending in that district, and Judge Susan D. Wigenton has the time and experience to steer this MDL on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Susan D. Wigenton for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

MDL No. 2158—**IN RE: ZIMMER DUROM HIP CUP PRODUCTS LIABILITY LITIGATION**

*District of Arizona*
    *Dale B. Bullock, et al. v. Zimmer, Inc., et al.*, C.A. No. 2:10–334

*Southern District of Florida*
    *Michael Schwartz v. Zimmer, Inc.*, C.A. No. 9:09–80555

*Northern District of Illinois*
  *Larry Lambrix v. Zimmer Holdings, Inc.*, C.A. No. 1:09–5527

*Western District of Kentucky*
  *Todd Lovelace, et al. v. Zimmer Holdings, Inc., et al.*, C.A. No. 3:10–125

*Western District of Louisiana*
  *Larry Ramsey, et al. v. Zimmer, Inc., et al.*, C.A. No. 5:08–1519
  *Christine Tison, et al. v. Zimmer, Inc., et al.*, C.A. No. 5:09–934
  *Calvin Farmer, et al. v. Zimmer, Inc., et al.*, C.A. No. 5:09–1033
  *Beverly Joyce Authier, et al. v. Zimmer, Inc., et al.*, C.A. No. 5:09–1062

*District of New Jersey*
  *Richard E. Fitzgerald, et al. v. Zimmer Holdings, Inc.*, C.A. No. 2:09–2843
  *Sonya R. Perry v. Zimmer Holdings, Inc.*, C.A. No. 2:09–3744
  *Juanita M. Adkins v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4386
  *Margo A. Barr v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4387
  *Rita D. Browning v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4388
  *Charles W. Cartwright v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4389
  *Patricia Conrad v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4390
  *Robert C. Dodman v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4391
  *Lawrence P. English v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4392
  *Linda Esparza v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4393
  *Dana L. Freed v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4394
  *Pamela Fuman v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4395
  *William E. Garrett v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4396

*Patricia E. Johnson v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4397
*David Jones v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4398
*Steve Jugo v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4399
*Mary J. Kasbach v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4400
*Janet Kearney v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4401
*Timothy Lee v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4402
*Connie Lightner v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4408
*Valerie Love v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4410
*Kimberly Meisenzahl v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4413
*Connie J. Miller v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4414
*Michael R. O'Brien v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4415
*Nancy L. Ray v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4416
*Harry Seeger v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4418
*Danita Sumter v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4419
*Lawrence J. Terry v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4420
*Bryan Tulk v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4423
*John D. Yeary v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4424
*Paul David Jones v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4622
*Mary Muhammad v. Zimmer Holdings, Inc.*, C.A. No. 2:09–4930
*Marian Steinberg, et al. v. Zimmer, Inc.*, C.A. No. 2:10–639

*Southern District of Ohio*
  *Barbara J. Weygandt v. Zimmer Holdings, Inc., et al.*, C.A. No. 2:09–856

*Deborah Williams v. Zimmer, Inc., et al.,* C.A. No. 3:09–472

*Eastern District of Texas*

*John Allred v. Zimmer, Inc., et al.,* C.A. No. 2:10–46

*Christine Brady v. Zimmer, Inc., et al.,* C.A. No. 2:10–74