# IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE) PRODUCTS LIABILITY LITIGATION.

## MDL No. 2342.

United States Judicial Panel on Multidistrict Litigation.

April 17, 2012.

Before KATHRYN H. VRATIL, Acting Chairman, W. ROYAL FURGESON, JR., BARBARA S. JONES, PAUL J. BARBADORO, and CHARLES R. BREYER, Judges of the Panel.

## TRANSFER ORDER

KATHRYN H. VRATIL, Acting Chairman.

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Pfizer, Inc. (Pfizer) moves for coordinated or consolidated pretrial proceedings of 57 actions pending in six districts as listed on Schedule A.[1] Pfizer seeks centralization in the Southern District of New York or, in the alternative, the Northern District of Mississippi, the Southern District of Mississippi, or the Northern District of Ohio. Since the filing of the motion, the parties have notified the Panel of more than 35 related actions pending in various federal districts.[2]

Defendant Greenstone, LLC, supports the motion. Plaintiffs in more than 45 actions, most of which have been removed to the Eastern District of Pennsylvania, oppose centralization. In the alternative, these plaintiffs suggest (1) the exclusion from centralized proceedings of the re-moved actions, in which motions for remand to state court or motions to dismiss are pending, (2) deferring transfer of those actions pending rulings on those motions, or (3) centralization in either the Eastern District of Pennsylvania or the Southern District of Illinois. The remaining responding plaintiffs support centralization, but advance various transferee districts, including the Southern District of Illinois, the Eastern District of Louisiana, the Southern District of New York, the Northern District of Ohio, or the Eastern District of Pennsylvania. Additionally, *amicus curiae* Michael A. London opposes centralization or, in the alternative, suggests centralization in the Southern District of Illinois or the Eastern District of New York.

These actions involve allegations that Zoloft, a prescription medication approved for the treatment of depression and other ailments, causes birth defects in children when their mothers ingest the drug while pregnant. In opposing centralization, plaintiffs in several actions argue, *inter alia*, that (1) Pfizer has created the appearance of the need for an MDL by improperly removing more than 40 actions included in the Section 1407 motion; and (2) the removed actions should not be included in centralized proceedings because they will involve unique jurisdictional issues. We respectfully disagree with these arguments. Almost 40 actions are now pending that were filed directly in federal court and it appears likely that additional actions will be filed in the future. Furthermore, the Panel has long held that jurisdictional objections do not overcome the efficiencies that can be realized by

---

[*] Judge John G. Heyburn II and Judge Marjorie O. Rendell did not participate in the disposition of this matter.

1. An additional two actions were pending in the Southern District of Illinois, but the actions have since been remanded to state court.

2. These actions will be treated as potential tag-along actions in accordance with Panel Rules 7.1 and 7.2.

centralized proceedings. *See, e.g., In re Ivy,* 901 F.2d 7 (2nd Cir.1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 170 F.Supp.2d 1346, 1347–48 (J.P.M.L.2001). The Panel also has held that centralization "does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization," *In re Zimmer Durom Hip Cup Prods. Liab. Litig.,* 717 F.Supp.2d 1376, 1378 (J.P.M.L.2010); nor does it "require a complete identity of parties." *In re Navistar 6.0 L Diesel Engine Prods. Liab. Litig.,* 777 F.Supp.2d 1347, 1348 (J.P.M.L.2011).

Mr. London further argues, *inter alia,* that (1) centralization is not necessary, as this litigation will involve hundreds of claims, as opposed to thousands of claims; and (2) these actions do not share sufficient common questions of fact, as the injuries alleged and factors affecting causation vary considerably. We appreciate these arguments, but do not agree that these circumstances make centralization unnecessary or unwarranted. Centralized proceedings have helped to efficiently resolve dockets involving far fewer than "thousands" of claims, even in cases involving drug-related products liability claims. *See, e.g., In re Vytorin/Zetia Mktg., Sales Practices & Prods. Liab. Litig.,* 543 F.Supp.2d 1378 (J.P.M.L.2008); *In re Viagra Prods. Liab. Litig.,* 414 F.Supp.2d 1357 (J.P.M.L.2006). Moreover, while the specific birth defects alleged vary somewhat among the plaintiffs, all actions will share discovery relating to general medical causation; factual discovery will overlap concerning Pfizer's research, testing, and warnings; and expert discovery and *Daubert* motions will overlap to some degree. Indeed, we have found that products liability cases often present some individual factual issues, but that coordination of discovery across all actions, with the use of common and individual discovery tracks, can offer efficiencies to all parties. *See In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.,* 780 F.Supp.2d 1379, 1381 (J.P.M.L.2011).

On the basis of the papers filed and the hearing session held, we find that these 57 actions involve common questions of fact, and that centralization in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Zoloft causes birth defects in children whose mothers ingest the drug while pregnant. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We are presented with several attractive choices for transferee district, but we are persuaded that the Eastern District of Pennsylvania is an appropriate transferee district for this litigation. More than half of the related actions are pending there, including the first-filed action. Centralization in that district would allow the transferee court to swiftly address the many similar pending motions for remand to state court and, if the actions are ultimately remanded, would allow for easy coordination with the actions pending in Pennsylvania state court. Judge Cynthia M. Rufe is an experienced transferee judge with the willingness and ability to handle this litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for coordinated or consolidated pretrial proceedings in that district.

## SCHEDULE A

MDL No. 2342 — **IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE) PRODUCTS LIABILITY LITIGATION**

*Northern District of Mississippi*

*Christine Hopkins v. Pfizer, Inc.,* C.A. No. 1:11–00122

*Southern District of Mississippi*

*Vicky Mallory v. Pfizer, Inc.,* C.A. No. 4:11–00120

*Eastern District of Missouri*

*Tony Gregory v. Pfizer, Inc.,* C.A. No. 4:12–00024

*Southern District of New York*

*Melissa J. Hagan, et al. v. Pfizer, Inc.,* C.A. No. 1:11–07583

*Melonie R. Anderson v. Pfizer, Inc.,* C.A. No. 1:11–07584

*Cheri D. Lewis, et al. v. Pfizer, Inc.,* C.A. No. 1:11–07585

*Amanda Brooks Pierce Phelps v. Pfizer, Inc.,* C.A. No. 1:11–07586

*Paula Peska, et al. v. Pfizer, Inc.,* C.A. No. 1:11–07599

*Northern District of Ohio*

*Susan Hodge, et al. v. Pfizer, Inc.,* C.A. No. 1:11–02429

*Eastern District of Pennsylvania*

*Shannon Long v. Pfizer, Inc., et al.,* C.A. No. 2:11–03198

*Donna Amadio v. Pfizer, Inc.,* C.A. No. 2:11–03973

*Veronica Martinez v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:11–07427

*William Blaze Armstrong, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00210

*Ryan J. Bailey, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00211

*Coley Raye Baker, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00212

*Brandon Barnes, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00213

*Glen Mitchell, III, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00214

*Tavares Byrd, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00215

*Sten Arthur Christianson, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00216

*Chloe King, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00217

*Lee Frank, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00218

*Quincy Jones, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00219

*Luke Johnson, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00220

*Teagan Johnson, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00221

*Jazmyn Knight, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00222

*Kahlen Compton, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00223

*Roseleah Lorenze, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00224

*Jacob Dzubin, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00225

*Riley Emlen, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00226

*Nicholas Fitzpatrick, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00227

*Travis Forrer, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00228

*Sharon Gordon, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00229

*Christian Hanks, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00230

*Melchizedek Abaroji, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00231

*Joe Hayes, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00232

*Nicole Hays, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00233

*Laila Mapp, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00235

*Michael Martinez, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00236

*Jonathan May, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00237

*Zevory Wright, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00238

*Payton Moore, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00239

*Ric Parsley, III, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00240

*Josie Potts, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00241

*Nicolas Tellier, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00242

*Paulo Castillo, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00243

*Shyra Julien, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00244

*Lara Richburg–Rodriguez, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00245

*Delaney Rosenkranz, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00246

*Trenton V. Casl, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00247

*Nathan Rowan, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00248

*Abdule Booker, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00249

*Bladden Allen Smith, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00250

*Lillianna Ybarra, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00251

*Matthew Young, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00252

*Jayden Kiah, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00253

*Cooper Smith, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00254

*Tivontae Gully, et al. v. Wolters Kluwer Health, Inc., et al.,* C.A. No. 2:12–00255